UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JOSE S. SIMBORIO,** § | |
| § | |
| Plaintiff, § | **CIVIL ACTION NO. H-06-1355** |
| v. § | |
| § | |
| **INTERNAL REVENUE SERVICE,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Internal Revenue Service's Motion for Summary Judgment, Docket No. 9. After considering the parties' filings and the applicable law, the Court finds that Defendant's motion should be and hereby is **GRANTED**.

### I.   BACKGROUND

Plaintiff Jose Simborio brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking an injunction requiring Defendant Internal Revenue Service to produce certain documents to which Plaintiff believes he is entitled.

In January and February 2006, Plaintiff sent several requests for tax documents to IRS disclosure offices in Ogden, Utah; Austin, Texas; Bensalem, Pennsylvania; and Dallas, Texas. Disclosure officers responded to each request.[1] On February 3, 2006, the Ogden office sent thirty-four pages of documents to Plaintiff, along with an explanation of the materials provided and why others were not found or did not exist. On April 12, 2006, the Austin office replied to Plaintiff that his request had been partially met by the

---

[1] A detailed account of Plaintiff's requests and Defendant's responses is set forth in the Declaration of Deborah Lambert-Dean, an attorney in the IRS Office of Chief Counsel, Disclosure & Privacy Law (Docket No. 10), submitted with Defendant's Motion for Summary Judgment.

Ogden office, and that the other requested documents did not exist. On May 16, 2006, the Bensalem office sent four pages of information to Plaintiff. On August 25, 2006, Defendant provided Plaintiff with documents responsive to the request sent to the Dallas office.

Plaintiff asserts that Defendant has improperly withheld certain documents. In particular, Plaintiff continues to seek Form 23C records of assessment, and materials identified by specific document locator numbers (DLN's). Defendant maintains that it has released all documents responsive to Plaintiff's requests; that the IRS no longer uses Form 23C, but rather Form RACS-006, which it has sent to Plaintiff;[2] and that no paper documents associated with the specified DLN's exist. Defendant moves for summary judgment, arguing that its efforts have met the legal standard governing location and release of documents pursuant to FOIA requests.

## II.   ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-

---

[2] Defendant explains the replacement of Form 23C with Form RACS-006 in a supplemental brief (Docket No. 14).

moving party.  *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor.  *Id.*

The parties agree about the materials that Defendant has provided to Plaintiff. There are no material facts in dispute, and summary judgment in this case is proper.

### B.  Defendant's Obligation Under FOIA to Locate and Produce Documents

Defendant argues that it has fulfilled its obligations under FOIA to perform a proper search for the requested documents and to provide all non-exempt materials to Plaintiff.  The Court agrees that Defendant's efforts have been sufficient.

Defendant must establish that its search was reasonably calculated to uncover all relevant documents, not that its search was perfect.  *E.g.*, *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999); *McQueen v. United States*, 264 F. Supp. 2d 502, 526-27 (S.D. Tex. 2003).  "In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith." *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).  Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by "purely speculative claims about the existence and discoverability of other documents."  *Safecard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

Defendant has submitted a declaration by Deborah Lambert-Dean, an agency disclosure attorney, detailing Defendant's efforts to respond to Plaintiff's requests.  The declaration meets the "reasonably detailed" standard, and Plaintiff has given the Court no reason to doubt that it was made in good faith.  According to the declaration (and as Plaintiff admits), Defendant investigated each of Plaintiff's requests, produced several

dozen pages of information, and explained why certain documents could not be located or do not exist. Defendant has not withheld any documents on the basis that they are FOIA-exempt, but states that it has released all responsive, locatable materials to Plaintiff. Plaintiff's only argument is, in essence, that he does not believe Defendant, and that the Forms 23C and paper documents associated with certain DLN's must exist. However, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." *Weisberg*, 745 F.2d at 1485.

Based on Defendant's representations and the supporting declaration, the Court find that the searches performed pursuant to Plaintiff's requests were adequate. Therefore, Defendant is entitled to summary judgment on Plaintiff's FOIA claim.

### III.   CONCLUSION

Defendant's Motion for Summary Judgment is **GRANTED.** Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 27th day of December, 2006.

_Keith P. Ellison_
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**